IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

TAMPA BAY AMERICANS WITH
DISABILITIES ASSOCIATION, INC.;
a not-for-profit Florida corporation, and
VIVIAN PETERS,

      Plaintiffs,

vs.                                      Case No.:

INLAND SOUTHEAST GATEWAY, L.L.C.,
a Florida limited liability corporation,

      Defendant.
_____/

## COMPLAINT

Plaintiffs, Tampa Bay Americans with Disabilities Association, Inc. ("TBADA") and Vivian Peters ("Peters"), by and through their undersigned counsel and by way of this Complaint against Defendant, Inland Southeast Gateway, L.L.C. ("Inland Southeast"), allege as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331, 1343.

2. Venue is proper in this Court, the Tampa Division, pursuant to 28 U.S.C. § 1391(b) and Rule 1.02, Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff TBADA is a Florida corporation which is organized and existing in the State of Florida. TBADA's members include qualified persons with disabilities under the ADA. A central tenant of TBADA's mission statement is to represent its disabled members in legal

actions seeking to protect and enforce the rights of disabled persons against discrimination on the basis of their disabilities. Among other things, TBADA is committed to making public places and commercial establishments accessible to its members and to all Americans so that its membership and other persons with disabilities can gain access to and enjoy such places to the same extent as persons without disabilities. TBADA and Vivian Peters have suffered and/or will suffer as a result of the Defendant's actions and/or inaction as fully articulated herein.

4. Plaintiff Peters is a resident of Pinellas County, Florida, and is a qualified individual with disabilities under the ADA as she is mobility impaired and uses an electric wheelchair. She is also a member of TBADA in good standing.

5. Defendant Inland Southeast is a Florida limited liability corporation which is doing business in the State of Florida but has its principal place of business at 2901 Butterfield Road, Oak Brook, Illinois 60523. It is the owner and/or operator of the subject property and improvements that are the subject of this action known as the "Gateway Mall" located at 7751-8299 9th Street N., St. Petersburg, Florida 33702.

6. The Gateway Mall is a shopping center. Defendant Inland Southeast leases commercial space at the Gateway Mall to tenants who in turn operate places of public accommodation within that leased space. Such places of public accommodation include, but are not limited to, retail merchandise shops, restaurants, and a supermarket. Inland Southeast also owns and controls common areas within the Gateway Mall. The Gateway Mall is a place of public accommodation covered under the ADA pursuant to 42 U.S.C. § 12181 (7) and 28 C.F.R. § 36.104.

7. All events giving rise to this lawsuit occurred in Pinellas County, Florida.

8. All conditions precedent to the filing of this suit have been satisfied or waived.

## FACTUAL ALLEGATIONS

### Places of Public Accommodation

9. The Gateway Mall located at 7751-8299 9th North Street, St. Petersburg, Florida 33702 is a shopping center open to the public.

10. On information and belief, the Gateway Mall and its tenant occupied spaces were constructed after January 26, 1993.

11. The TJ Maxx retail store located within the Gateway Mall is a sales establishment open to the public.

12. The Target retail store located within the Gateway is a sales establishment open to the public.

13. The Bealls retail store located within the Gateway is a sales establishment open to the public.

14. The Office Depot retail store located within the Gateway Mall is a sales establishment open to the public.

15. The Petsmart retail store located within the Gateway Mall is a sales establishment open to the public.

16. The Party City retail store located within the Gateway Mall is a sales establishment open to the public.

17. The Shoe Carnival retail store located within the Gateway Mall is a sales establishment open to the public.

18. The Bath & Body Works retail store located within the Gateway Mall is a sales

establishment open to the public.

19. The China 1 restaurant located within the Gateway Mall at is an establishment which serves food and drink and is open to the public.

20. The Publix supermarket located within the Gateway is a grocery store and/or a sales establishment open to the public.

**Architectural Barriers**

21. Plaintiff Peters has visited the Gateway Mall and the sales establishments within it on numerous occasions (approximately once per month over the last several years). On these occasions, Plaintiff Peters has encountered difficulties gaining full and equal enjoyment of and access to the services, facilities and/or accommodations provided at the Gateway Mall because of the existence of architectural barriers and/or discriminatory practices or policies in the common exterior areas of the Gateway Mall and/or on tenant occupied space.

22. Plaintiff Peters has visited many of the sales establishments located within the Gateway Mall, including, without limitation, the TJ Maxx retail store, the Bealls retail store, the Office Depot retail store, the Petsmart retail store, the Party City retail store, the Shoe Carnival retail store, the Bath & Body Works retail Store, the China 1 restaurant, the Publix supermarket and other miscellaneous stores, and has encountered difficulties and impediments stemming from architectural barriers and/or discriminatory practices or policies that include, without limitation, the following:

    A. Eight of the accessible parking spaces at the main entrance of the Gateway Mall are connected with routes that requires traveling behind parked cars and one such parking space is blocked by a bike rack, making it difficult to enter at the main entrance without risk of

serious injury;

        B.      There is no accessible route between the public right-of-way and the accessible entrance to the tenant occupied spaces at the Gateway Mall;

        C.      There is no accessible route at the Gateway Mall connecting accessible buildings, accessible facilities, accessible elements, and accessible spaces;

        D.      Two of the accessible parking spaces that serve the TJ Maxx retail store are connected with a route which requires traveling behind parked cars, making it difficult to enter this store without risk of serious injury;

        E.      The curb ramp located at the TJ Maxx retail store is too steep, making it difficult to enter the store;

        F.      One of the accessible parking spaces that serve the Shoe Carnival retail store is connected to a route which requires traveling behind parked cars, making it difficult to enter the store without risk of serious injury;

        G.      The curb ramp located at the Shoe Carnival retail store is too steep, making it difficult to enter the store;

        H.      There is no accessible parking at the Garden Center entrance to the Target retail store, making it difficult park at this store.

        I.      The curb ramps (and flared sides of those ramps) located at the Garden Center entrance to the Target retail store, the emergency exit and the main entrance of the Target retail store are too steep, and the side of one curb ramp at the main entrance is blocked by a stop sign set in concrete, making it difficult to enter and exit this store;

        J.      The sidewalk between the Target retail store and the Party City store

includes a ramp that which is too steep, making it difficult to gain access to these stores at this location.

   K. Two of the accessible parking spaces at the Party City retail store are connected to a route that requires traveling behind parked cars, making it difficult to enter the store without risk of serious injury;

   L. Three of the accessible parking spaces at the Bath & Body Works retail store are connected to a route which requires traveling behind parked cars, making it difficult to enter the store without risk of serious injury;

   M. Three of the accessible parking spaces at the Publix supermarket are connected to a route which requires traveling behind parked cars and one parking space has an access aisle that that is shorter than the full length of the parking space, making it difficult to enter the supermarket without risk of serious injury and making it more difficult to utilize the short parking space;

   N. Four of the accessible parking spaces at the Bealls retail store are connected to a route that requires traveling behind parked cars, one parking space has an access aisle that that is shorter than the full length of the parking space, the curb ramps are too steep, and the sides of the ramps that are cut into the walkway for pedestrian use are also too steep, making it difficult to enter the store;

   O. One of the accessible parking spaces at the Petsmart retail store does not connect to an accessible route to the store, making it difficult to reach that store from that parking space.

   P. The painted pedestrian cross walk in front of the Petsmart retail store leads

into a curb in the parking lot without a curb ramp, which makes it difficult, if not impossible, for persons using wheelchairs to utilize this cross walk;

  Q. The curb ramp in front of the Petsmart retail store has flared sides that are too steep, which make it more difficult to enter the store.

  R. There is no accessible path of travel between Petsmart and Office Depot, making it difficult to travel between those two stores.

  S. Three of the accessible parking spaces at the Office Depot retail store are connected to a route which requires traveling behind parked cars, making it difficult to enter the store without risk of serious injury;

  T. There is no accessible route between the sidewalk at the Office Depot retail store and the bus stop located at the end of the parking lot in front of this site, the route across the vehicular traffic lanes at the cross walk to the bus stop are too steep and lacks required handrails, and there is a curb without a curb ramp, making it difficult to enter and access the Gateway Mall from the public bus stop;

  U. The accessible parking spaces at the China 1 restaurant have slopes that are too steep, making it difficult to utilize the accessible parking spaces; and

  V. The curb ramps in front of the China 1 restaurant are too steep and the front door of the restaurant opens into the curb ramp which encroach on the already inadequate level maneuvering space at this entrance, making it difficult to enter the restaurant;

23. Plaintiff Peters has the present intent to return to the Gateway Mall as a patron in the future but desires to have the Gateway Mall brought into compliance with the ADA as soon as reasonably possible so that all architectural barriers to access and any discriminatory practices

and policies are eliminated or modified.

## CAUSE OF ACTION

24. Plaintiffs TBADA and Peters incorporate by reference and reallege each of the allegations contained in Paragraphs 1-23 of this Complaint with the same force and vigor as if set out here in full.

25. On or about July 26, 1990, Congress enacted the ADA. *See* 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from the enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if a business has ten (10) or fewer employees and gross receipts of $500,000.00 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Gateway Mall is a place of public accommodation in that it operates a shopping center open to members of the general public.

27. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the TJ Maxx retail store is a place of public accommodation in that it is a sales establishment open to the public.

28. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Target retail store is a place of public accommodation in that it is a sales establishment open to the public.

29. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Bealls retail store is a place of public accommodation in that it is a sales establishment open to the public.

30. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Office Depot retail store is a place of public accommodation in that it is a sales establishment open to the public.

31. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Petsmart retail store

is a place of public accommodation in that it is a sales establishment open to the public.   16.

32. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Party City retail store is a place of public accommodation in that it is a sales establishment open to the public.

33. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Shoe Carnival retail store is a place of public accommodation in that it is a sales establishment open to the public.

34. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Bath & Body Works  retail store is a place of public accommodation in that it is a sales establishment open to the public.

35. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the China 1 restaurant is a place of public accommodation in that it serves food and drink and is open to the public.

36. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Publix supermarket restaurant is a place of public accommodation in that it is a grocery store and/or a sales establishment open to the public.

37. Defendant Inland Southeast intentionally discriminated, and continues to discriminate, against the Plaintiffs — and others who are similarly situated — by:  (1) denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations located at the Gateway Mall and at the other public accommodations encompassed by that facility in derogation of 42 U.S.C. § 12182; and by (2) failing to remove certain architectural barriers on the premises as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Plaintiff Peters has been, and will continue to be denied access to and the benefit of, services available at the Gateway Mall and at each of the specifically

addressed tenant operated stores since:

  A.  Plaintiff Peters has a definite need and intention to return to the Gateway Mall as a patron in the future; and

  B.  Plaintiff Peters will also seek to use the services and premises at the Gateway Mall and each of the specifically addressed tenant operated stores as a patron in the future to ensure that these facilities are in compliance with the ADA so that Plaintiff Peters, the membership of TBADA, and all other persons with disabilities will have full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Gateway Mall.

39. Plaintiff Peters has a realistic, credible, existing and continuing threat of discrimination from Defendant's continuing violations of the ADA based on the violations set forth in this Complaint, and other violations not yet identified. Plaintiff Peters has a reasonable fear that she will continue to be discriminated against in violation of the ADA unless she is afforded injunctive relief by this Court.

40. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA in 28 C.F.R. Part 36.

41. Defendant Inland Southeast is in violation of 42 U.S.C. §§ 12181 *et seq*. and 28 C.F.R. §§ 36.302 *et seq*. and is discriminating against Plaintiffs as a result of, *inter alia,* the following specific violations:

  A.  Lack of accessible routes associated with accessible parking spaces;

  B.  Lack of accessible route connecting accessible buildings, accessible

facilities, accessible elements, and accessible spaces;

   C. Lack of accessible route connecting public right-of-way to entrance;

   D. Lack of accessible curb ramps;

   E. Lack of accessible ramps;

   F. Lack of accessible parking spaces/access aisles;

   G. Lack of sufficient maneuvering clearance at doors; and

   H. Other miscellaneous violations of the ADA and regulations promulgated pursuant thereto.

42. To date, architectural barriers and other violations of the ADA still exist at the Gateway Mall and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

43. Plaintiffs TBADA and Peters have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay reasonable attorneys' fees, as well as costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from Defendant Inland Southeast pursuant to 42 U.S.C. § 12205.

44. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, other similarly situated individuals with disabilities to the extent required by the ADA, and/or closing the subject facility until the requisite modifications are completed.

   **WHEREFORE**, the Plaintiffs respectfully request that this Court grant the

following injunctive and declaratory relief:

      A.      Enter a declaratory judgment that by and through Defendant's ownership and/or operation of the real property and improvements that comprise the subject property, Defendant has willfully and wrongfully violated its statutory obligations pursuant to the ADA and deprived Plaintiffs of their rights under the law, as alleged herein;

      B.      Order Defendant to alter the facilities that comprise the Gateway Mall to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

      C.      Order Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures;

      D.      Order Defendant to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures; remove all architectural and communication barriers; and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise treated differently and discriminated against;

      E.      Award reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit, to Plaintiffs TBADA and Peters; and

      F.      Award such other and further relief as the Court deems necessary, just and proper.


Respectfully Submitted,

THE LAW OFFICE OF
WILLIAM J. MOORE, III, P.A.
1648 Osceola Street
Jacksonville, Florida 32204
(904) 685-2172  (telephone)
(904) 685-2175  (facsimile)
wmoore@wjmlaw.net


<u>s/William J. Moore, III</u>
 William J. Moore, III
 Fla. Bar No. 0971812
 Trial Counsel